## John M'Kenzie *versus* John Rea.

The defendant having covenanted to pay the debts of the plaintiff with the proceeds of property assigned to him for that purpose, and to pay over the balance to the plaintiff on a day specified, the plaintiff, before that day, by an instrument under seal, agreed that this balance should be put on interest by the defendant and be expended by him for the sole benefit of the plaintiff's children, the defendant " to be under bonds for the faithful performance of the trust, and to account for and refund said balance when thereto required." The defendant tendered a bond with condition to pay the debts, to apply the balance to the support and education of the children, and to pay over in equal shares to the children any balance that might remain in his hands at the decease of the plaintiff. *Held*, that the covenant to pay the balance to the plaintiff was waived, and that the bond tendered was substantially such a one as the plaintiff had required.

THE defendant executed and delivered an instrument under seal, dated December 2, 1825, in which, after reciting that the plaintiff had conveyed to him all his real and part of his personal estate, he covenants to sell the same on or before the 1st of April, 1826, and to apply the proceeds to the payment of the plaintiff's debts, and to pay over the residue, if any, to the plaintiff on or before the 1st of May, 1826. Upon this covenant the present action was brought.

On the 14th of January, 1826, the plaintiff and his wife executed and delivered an instrument under seal, in which they agree with the defendant, that the residue above mentioned shall remain in the defendant's hands, to be by him put and kept at interest, and the whole, both principal and interest, is appropriated for the sole benefit of all the children of the plaintiff and his wife, to be expended on the children in such portions, and at such times, as the defendant shall judge their necessities shall require, the defendant to be under bonds for the faithful performance of the trust committed to him, " and to account for and refund said balance when thereto required."

The defendant sold the real and personal estate conveyed to him, and paid certain debts of the plaintiff with the proceeds, and a balance remains in his hands. Before the commencement of this suit he offered to the plaintiff a bond, in which the plaintiff and his wife are named as obligees, in the penal sum of 1000 dollars. The condition, — after reciting

M'Kenzie
v.
Rea.

that the plaintiff and his wife had conveyed to the defendant certain property to be sold, on the trust that he should pay the plaintiff's debts, and should hold the balance of the net proceeds and keep the same on interest, and should from time to time apply the balance and interest to the support and education of the children, as he should judge their necessities should require, and also reciting that the wife, for that purpose, released to the defendant all her right of dower in the real estate of the husband, and that the defendant has paid all the debts of the plaintiff and now holds the balance upon the trust above mentioned, — is, that the defendant shall perform the trust, and shall pay over in equal shares, to the children of the plaintiff and his wife, the balance, if any, that may remain in his hands at the time of the decease of the plaintiff.

The plaintiff, before commencing this suit, demanded of the defendant the balance in his hands, or that he should give a bond as mentioned in the instrument of January 14, 1826.

The parties agreed, that if the Court, upon the foregoing statement, should be of opinion that this action could be maintained, judgment should be entered for the plaintiff for such sum, &c. ; but if it could not be maintained, then the plaintiff should become nonsuit.

*Jan. 9th, 1828, in Suffolk.*

The case was briefly argued by *Saltonstall*, for the plaintiff, and *Cummins* and *B. Merrill*, for the defendant.

The opinion of the Court was drawn up by

*April term 1828.*

PARKER C. J.   The question in this case is, whether the bond tendered by Rea the defendant is a sufficient performance of his promise, in that regard, made by implication to the plaintiff, as set forth in the writing signed by the plaintiff and his wife, dated January 14, 1826.

If the covenant made by Rea on the receipt of the property is in force, the tender of the bond would be no performance, for he covenanted that he would pay over to M'Kenzie whatever balance should be in his hands, after paying the debts for the discharge of which the property was conveyed to Rea.

But on January 14, 1826, the fund being in his hands, M'Kenzie and his wife join in a declaration of trust, in which that fund is appropriated to the sole use and benefit of their

children, and Rea is authorized to hold the same to their use, and to appropriate the same according to his discretion, to their maintenance and education, and is required to give bond for the faithful execution of his trust, and to account for and refund the balance mentioned on demand.  Now if he has complied with this direction, he has substantially performed the pre-existing covenant, for he has disposed of the fund according to the wish and direction of the plaintiff.  The bond offered is on condition that he will faithfully execute the trust, and that he will pay over the balance which may remain in his hands on the death of the plaintiff, to the children of the plaintiff.  This is not in terms the bond which they required him to give, but if substantially the same, it is sufficient. Now by the writing, the whole fund was appropriated to the children, without any limitation, and it is stated that the wife, in furtherance of this object, had relinquished her right of dower in the real estate which was sold to pay the plaintiff's debts and create this fund.  The bond tendered secures more than was required, for the defendant was to apply the fund to the use of the children at his discretion.  The term *refund*, in the writing, can have no other meaning, than that he was to pay over to whosoever had the right.  The condition then, to apply the proceeds to the maintenance and support of the children, and to pay over to them what shall remain after the death of the plaintiff, is a substantial compliance with his promise.  We are not informed whether the action is upon the covenant, or upon the implied promise, but if either, we think it is not maintained.